The Honorable Frank L. Stone Calhoun County Property Appraiser 425 Central Avenue, Room 112 Blountstown, Florida 32424
Dear Mr. Stone:
As Property Appraiser for Calhoun County you ask substantially the following question:
 Is the Calhoun County Property Appraiser authorized to add ad valorem tax millage to the tax roll for the operation and maintenance of Calhoun General Hospital which will, when combined with the millage levied for general county purposes, exceed the 10 mill limit set by s. 9, Art. VII, State Const.?
In sum:
 The Calhoun County Property Appraiser may not lawfully add ad valorem tax millage to the tax roll for the operation of Calhoun General Hospital when such tax will, when combined with the general purpose county millage, exceed 10 mills.
Calhoun General Hospital was created as a county hospital pursuant to Ch. 155, F.S. As required by statute, the Board of County Commissioners of Calhoun County was presented with a petition signed by five percent of the resident freeholders of the county asking that an annual tax be levied for the establishment and maintenance of a public hospital.[1] The question of an annual tax and bond issue for such purpose was submitted to the voters and approved.[2] The bonds for which this tax was levied have matured and the taxes about which you inquire are for the maintenance and operation of the hospital, not for repayment of bonds.
This office has previously determined that a county hospital organized and operating under Ch. 155, F.S., and its governing board of trustees are agencies or instrumentalities of the county.[3]
Thus, Calhoun General Hospital and its board of trustees is a county agency or instrumentality.
The ad valorem tax to be assessed for the operation and maintenance of Calhoun General Hospital would appear to fall within general county millage as a nonvoted millage for general county purposes.[4]
Section 200.071, F.S., provides in part as follows:
 (1) Except as otherwise provided herein, no ad valorem tax millage shall be levied against real property and tangible personal property by counties in excess of 10 mills, except for voted levies. (e.s.)
 (2) The board of county commissioners shall, in the event the sum of the proposed millage for the county and dependent districts therein is more than the maximum allowed hereunder, reduce the millage to be levied for county officers, departments, divisions, commissions, authorities, and dependent special districts so as not to exceed the maximum millage provided under this section or s. 200.091.[5]
Further, s. 9(b), Art. VII, State Const., provides that:
 Ad valorem taxes, exclusive of taxes levied for the payment of bonds and taxes levied for periods not longer than two years when authorized by vote of the electors who are the owners of freeholds therein not wholly exempt from taxation, shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: for all county purposes, ten mills. . . .(e.s.)
Section 2, Art. XII, State Const., states that: "Tax millages authorized in counties, municipalities and special districts, on the date this revision becomes effective, may be continued until reduced by law." (e.s.) However, in AGO 69-7, this office determined that this constitutional provision applies to laws existing at the time s. 2, Art. XII, became effective as well as to future laws. Thus, s. 200.071, F.S., limiting the ad valorem tax millage of counties to 10 mills, which became effective January 1, 1968, reduced by law the tax millage which had been authorized in Calhoun County prior to the effective date of the 1968 Constitution.[6]
Thus, the ad valorem tax millage levied for the operation and maintenance of Calhoun General Hospital, as a county agency, should be included within the 10 mills to be used for all county purposes. The property appraiser, therefore, may not add ad valorem tax millage to the tax roll for such purpose when the new millage, combined with the millage levied for general county purposes, would exceed 10 mills.[7]
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] See, s. 155.04(1), F.S., and Resolution of the Board of County Commissioners of Calhoun County, December 1, 1956.
[2] Id.
[3] Attorney General Opinion 73-363.
[4] Section 200.001(1)(a)-(d), F.S., provides that county millages shall be composed of four categories of millage rates: (a) General county millage, which is that non-voted millage rate set by the governing body of the county; (b) County debt service millage, which is that millage rate necessary to raise taxes for debt service authorized by a vote of the electors pursuant to s. 12, Art. VII, State Const.; (c) County voted millage, which is that millage rate set by the governing body of the county as authorized by a vote of the electors pursuant to s. 9(b), Art. VII, State Const.; (d) County dependent special district millage, as provided for in s. 200.001(5), F.S.
[5] Section 200.091, F.S., authorizes an increase in the millage which may be levied pursuant to s. 200.071 for county purposes. Such increase shall be for a period not to exceed two years and must be approved by a majority of the qualified electors in the county.
[6] Section 10, Ch. 67-395, Laws of Florida, provides the effective date of s. 200.071, F.S. The 1968 Florida Constitution was ratified by the electorate on November 5, 1968, and, pursuant to Art. XI, s. 5(c), State Const., became effective "on the first Tuesday after the first Monday in January following the election. . . ." And see, AGO 77-100 which states, in part, that s.200.071, F.S., is a restriction within the contemplation of s. 15, Art. XII, State Const. 
[7] Cf., s. 200.071(2), F.S., providing that the board of county commissioners shall, in the event the sum of the county's proposed millage for the county and dependent districts therein is more than the maximum allowed under s. 200.071, F.S., reduce the millage to be levied for county officers, departments, divisions, commissions, authorities, and dependent special districts so as not to exceed the maximum millage provided in s. 200.071, F.S., or in s. 200.091, F.S.; and AGO's 85-9 and 77-100.